MARTHA JANE CAMP *v.* RICHARD H. SMITH, Ex'r, &c.

An unmarried daughter, to whom was bequeathed $3,000 in money or bonds, and in the event of her death without lawful issue, her legacy was to be divided, &c., is entitled to the immediate payment of the whole of such legacy, its ultimate devolution being a question between her and the contingent remainder men, if they are such.

An executor, who surrenders upon the request of the surety, a bond for which the principal and such surety are bound, and takes in lieu thereof the individual bond of such surety unsecured, makes himself personally responsible for the payment of the bond, or such portion thereof as remains unpaid.

(*Hilliard* v. *Kearney*, Busb. Eq. 221; *Clapp* v. *Fogleman*, 1 Dev. 8 Bat. Eq. 446; *Boyett* v. *Hurst*, 1 Jones' Eq. 166, cited and approved. *Whitford* v. *Foy*, 66 N. C. Rep. 265, distinguished from this.)

CIVIL ACTION, brought by plaintiff, daughter and one of the heirs of Humphrey S. Camp, deceased, to obtain a construction of a clause in her father's will and for payment of a legacy, tried by *Watts, J.*, at the Special (December) Term, 1871, of the Superior Court of HALIFAX county.

The testator left to each of his three daughters $3,000 in the following bequest:

"I do will and bequeath to my three daughters, Martha Jane, Mariana C. and Lucy Camp each, three thousand dollars in money or bonds, and in the event of the death of either one or any of my said daughters, without lawful issue, it is my will that her or their legacy shall be equally divided and heired by the survivor of my four daughters now single."

The plaintiff had never married, nor had issue. Her sisters, above named were married and had issue.

His Honor in the Court below, upon the hearing found as facts:

1. That the testator did not leave cash sufficient to pay the legacies, but left bonds amounting to enough for that purpose.

2. That the defendant had satisfied the other legacies mentioned in the clause above set out, and had retained a

bond for nearly the sum of $3,000, principal money, payable to his testator by one Spier Pittman, principal, and Joseph J. Powell, surety, with the purpose of satisfying said legacy; and to that end, caused the same, after the death of the testator, to be renewed, payable to himself as executor in the precise sum of $3,000.

3. That in 1861, Pittman, the principal, was insolvent, but the surety Powell, was a man of large estate, and unembarrassed.

4. That in 1861, the defendant upon the request of Powell, surrendered to him, Powell, the bond of Pittman, and took his, Powell's note, without any security for the amount, holding the same for the like purpose of providing for plaintiff's legacy. Of this exchange or substitution of notes the plaintiff had no notice.

5. That the defendant has paid the interest on the note to plaintiff up to May, 1863. And that of money received from the estate of Powell, he had paid plaintiff the further sum of $600, in March, 1870, and that he has now from the same source, $174.27.

6. That Powell is dead, his estate in the hands of a receiver and supposed to be insolvent.

Upon this state of facts, the plaintiff insisted, that the defendant is liable for the full amount of the legacy with interest, and that she is entitled to the immediate payment of the same.

On the other hand, the defendant insisted that he had done nothing of which the plaintiff could, with reason complain, and that upon the facts as found, he is liable only for such portion of said legacy as he may succeed in collecting from the estate of Powell. And further that the plaintiff is entitled only to call for the accrued interest in so far as the defendant has collected the same, and not for the principal of the fund.

His Honor adjudged :

(1.) That the plaintiff could recover only the accrued interest on the legacy bequeathed to her ; and that the defendant is entitled to the payment made by him, to be applied to extinguish the accrued interest.

(2.) That the defendant in giving up the bond of Pittman to the surety, Powell, and taking the note of Powell unsecured therefor, changed the credit at his own risk, and thereby became liable for the whole debt, although it is not yet ascertained whether the estate of Powell is insolvent or not. The Court directed an account.

From this judgment both plaintiff and defendant appealed.

*Peebles & Peebles,* for plaintiff.
*Batchelor & Son* and *Conigland,* for defendant.

RODMAN, J. The will of Humphrey S. Camp, the (father of the plaintiff) contains the following clause :

"I do will and bequeath to my three daughters, Martha Jane, Marianna C. and Lucy Camp, each three thousand dollars in money or bonds; and in the event of the death of either one or any of my said daughters without lawful issue, it is my will that her or their legacy shall be equally divided and heired by the survivor of my four daughters now single."

The plaintiff, Martha Jane, has never married, the other two daughters named in the above clause have married and have children. The defendant is the executor of the testator.

1. It will be convenient to consider the right of the plaintiff to the immediate payment of the legacy to her on the assumption that the defendant has assets applicable to it. He contends that she is entitled to receive only the annual interest of the legacy during his life, and that the principal

must remain in his hands to await the contingency of her leaving issue at her death or not.

We do not agree with the defendant.

It is not material to inquire now whether the plaintiff took an absolute interest in the legacy upon the death of the testator, according to *Hilliard* v. *Kearney*, Busb. Eq. 221, or only an estate defeasible on her death without issue. In either case she is entitled to receive the *corpus* of the legacy, and its ultimate devolution is a question between her and the contingent remainder men, if they are such. *Clapp* v. *Fogleman*, 1 Dev. and Bat. Eq. 466. It is not material that she has not married.

2. As to the liability of the defendant for the note of Pitman, the facts found by the Judge are : Defendant received as part of the estate of his testator a bond for a principal sum of $3,000, made by Spier Pitman as principal and one Powell as his surety, payable to the testator, and he retained it for the purpose of satisfying the legacy to plaintiff therewith. The will was proved and defendant qualified as executor at May Term, 1856, of Halifax County Court. Some time after his qualification (the length of time is not stated) defendant procured the bond to be renewed and made payable to himself as executor for the exact sum of $3,000. It is to be presumed that both Pitman and Powell were then solvent, and that in thus receiving the bond there was no want of diligence. In 1861 Pitman was insolvent, (we are not informed when he became so,) and the defendant at the request of Powell, who was then possessed of a large estate and was unembarrassed, surrendered the bond to him, and took his bond without security in place of it. Powell afterwards (it is not said when) died, and his estate is now supposed to be insolvent. Defendant has made several payments to plaintiff, of which he will have the benefit on an account, but we need not notice them now.

We think that the defendant, in failing to require security

of Powell after the known insolvency of the principal, was guilty of such negligence as makes him liable for any loss which may occur.

The Rev. Code, ch. 46, s. 18, requires that all sales by executors shall be on a credit of six months and that the proceeds shall be secured by bond with good security and collected as soon as practicable, &c. It may reasonably be said that somewhat less diligence in obtaining unexceptionable security would be expected of an executor selling property on a short credit and where the debt was to be promptly collected, than in making what may be called a permanent investment for the benefit of a legatee. In such a case, the executor assumes to act as a trustee for the legatee, and the security should be as good as it is reasonably possible under the circumstances to obtain. In this case it can scarcely be doubted that when the executor surrendered to Powell the bond of Pitman to which he was surety, he could have obtained from Powell, then a man of large estate, surety to his bond. And under the principles maintained in *Boyet* v. *Hurst*, and the other cases cited for the plaintiff, he is guilty of culpable negligence in not having done so. *Whitford* v. *Foy*, 65 N. C. Rep. 265, was referred to for defendant. But it is not in point. There the guardian received from the administrator in 1855 notes which were then good. It is not stated in the report whether both principals and sureties were good or not; nor, indeed, is it stated that there were any sureties. But it is to be presumed, inasmuch as plaintiff made no exception of that sort, that there were sureties, and that both principals and sureties continued good to the capture of Newbern, in 1862, which suspended the Courts and made intercourse impossible between the debtors who resided within the United States lines and the guardian, who resided without. Between 1855 and 1862 both principal and surety remaining good, there would have been no additional security obtained by renewing the notes in the name of the

guardian as payee. The only difference would have been that in the last case they would have carried compound interest, and the guardian was held responsible for that, which he might have made if he had collected and reinvested the interest annually. In that case, it is said, " It has never been held that a mere neglect to change an investment amounts to a conversion of the security. The guardian, therefore, cannot be held liable for the loss ·of the notes merely by reason of his omission to change their form, or to take others payable to himself as guardian."

That was meant of course in reference to the facts in that case, where the original security was and continued to be good while it was possible to change it, and where the only change which the guardian was complained of for not making, was in the name and title of the payee. In this case the executor neglected to reinforce the security after the failure of the principal, and took the note of the surety without security, when for aught that appears, he might have obtained it.

So much of the judgment below as declares that plaintiff is not entitled to the immediate payment of what is unpaid of the principal and interest of the legacy to her is reserved. And so much as declares that the defendant is personally liable for such portion of the note of Powell as he has not paid to the plaintiff is affirmed. It is referred to the clerk of this Court to state and report and account of what is due upon the legacy. A judgment may be drawn in conformity to this opinion.

The plaintiff will recover her costs in both cases.

PER CURIAM.　　　　　　　　Judgment accordingly.